UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| NICHOLAS JOHN BAILEY #970872, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>ERICA HUSS, *et al.*, )<br>   Defendants. )<br>              ) | No. 2:22-cv-46<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on December 16, 2022 (ECF No. 34). Judge Vermaat recommends that this Court deny Defendant Bourdeau's motion for summary judgment (ECF No. 14) and grant Defendants Hares and Huss's motion for summary judgment (ECF No. 23). Both motions concern only whether Plaintiff exhausted his administrative remedies before commencing this lawsuit. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff has filed one objection to the R&R, arguing that the Magistrate Judge erroneously concluded that he failed to exhaust his administrative remedies as to his claims against Defendants Hares and Huss (ECF No. 38). Because Plaintiff has failed to show that he exhausted his administrative remedies as to these claims, the Court will overrule Plaintiff's objection and adopt the R&R.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

The Court conducted a de novo review of Plaintiff's objection to the R&R. On review of the evidence, the R&R is adopted over Plaintiff's objection.

Plaintiff raises one objection to the R&R: that the Magistrate Judge erroneously concluded that Plaintiff failed to exhaust his administrative remedies as to his claims against Defendants Huss and Hares. In reaching this conclusion, the Magistrate Judge reviewed the two grievances and their accompanying responses/appeals that Plaintiff attached to his complaint (MBP-21-11-1532-12B3 and MBP-21-11-1552-22B) (ECF No. 1-1), as well as Plaintiff's Step III Grievance Report dated March 14, 2022 (ECF No. 24-3 at PageID.167-70) attached to Defendant Hares and Huss's motion for summary judgment.[1] With regard to the grievance that concerned Defendants Hares and Huss, MBP-21-11-1552-22B, the R&R noted that Plaintiff attached the Step I grievance, Step I response, Step II appeal, Step II response, and Step III appeal. However, he failed to attach a Step III response or any documentation showing that he actually submitted the Step III appeal. Moreover, because Plaintiff's Step III Grievance Report did not list MBP-21-11-1552-22B, the R&R concluded

---

[1] Plaintiff did not respond to Defendants' motions for summary judgment.

2

that there was no genuine issue of material fact that this grievance had not been appealed through Step III.

In Plaintiff's objection, he argues that Grievance MBP-21-11-1552-22B had been "changed to MBP-21-11-1552-28e" (ECF No 38 at PageID.254). To support this assertion, he attached a copy of the grievance's appeal form (ECF No. 38-1 at PageID.263). This form does not show that MBP-21-11-1552-22B had been changed to MBP-21-11-1552-28e, let alone a genuine issue of material fact. The form that Plaintiff submitted is the exact form he submitted in his complaint (ECF No. 1-1 at PageID.20), except where the grievance number is listed at the top, he crossed out "22B" and handwrote "28e" (*Id.*). Absent some corroborating documentation from the MDOC, Plaintiff's editing to the grievance form does not show that the grievance number had been changed.

Moreover, even if the MDOC changed the grievance number as Plaintiff contends, there is still no genuine dispute of material fact that Plaintiff failed to appeal this grievance through Step III by March 2, 2022, the date that Plaintiff commenced this lawsuit. Also attached to his objection, Plaintiff provided a Step III response for MBP-21-11-1552-28e, indicating that the appeal was rejected (ECF No. 38-1 at PageID.264). However, this response is dated August 16, 2022, over five months after Plaintiff commenced this lawsuit. Because "[e]xhaustion may not be completed after filing a complaint," *see Johnson v. Burt*, No. 21-2878, 2023 WL 2125744, at *2 (6th Cir. Feb. 15, 2023), Plaintiff has failed to prove that he exhausted his administrative remedies as to MBP-21-11-1552-22B/MBP-21-11-1552-28e by the date he filed his complaint. *See also Freeman v. Francis*, 196 F.3d 641, 645 (6th Ci. 1999) ("The prisoner . . . may not exhaust administrative remedies during the pendency

3

of the federal suit."). Moreover, in Plaintiff's Step III Grievance Report, dated March 14, 2022, Grievance MBP-21-11-1552-28e is also not listed (ECF No. 24-3 at PageID.169-70). There is no question that Plaintiff failed to complete Step III of the MDOC's grievance process with respect to MBP-21-11-1552-22B or MBP-21-11-1552-28e by March 2, 2022.

Given that Plaintiff's objections fail to establish a genuine dispute of material fact with respect to whether he exhausted his administrative remedies as to his claims against Defendants Hares and Huss, the Court accepts the Magistrate Judge's recommendation to grant Defendants Hares and Huss's motion for summary judgment. Plaintiff's claims against Defendants Hares and Huss will be dismissed without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the [Prison Litigation Reform Act] is dismissal without prejudice."). Following the entry of this order, only Plaintiff's claims against Defendants Bourdeau and Harris remain.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 34) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Bourdeau's motion for summary judgment (ECF No. 14) is **DENIED**.

4

**IT IS FURTHER ORDERED** that Defendants Hares and Huss's motion for summary judgment (ECF No. 23) is **GRANTED.** Plaintiff's claims against these defendants are dismissed without prejudice.

**IT IS SO ORDERED.**

Date: March 13, 2023          /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 United States District Judge