UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS JOHN BAILEY #970872, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>UNKNOWN HARRIS & )<br>UNKNOWN BEAUDREAU, )<br>   Defendants. )<br>_____ ) | No. 2:22-cv-46<br><br>Hon. Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought this action under 28 U.S.C. § 1983. (ECF No. 1). In his complaint, Plaintiff alleges that while he was incarcerated at the Marquette Branch Prison in Marquette, Michigan, mental health staff violated his Eighth Amendment rights by acting with deliberate indifference to his serious mental health needs. (ECF No. 1 at PID 4-5). Magistrate Judge Vermaat issued a report and recommendation recommending that the case be dismissed. (ECF No. 74). The court will adopt the report and recommendation over Plaintiff's objections.

### I. Legal Standard

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

1

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## II. Discussion

The report and recommendation concluded that there are no genuine issues of material fact, that Plaintiff's mental health records reflect that Plaintiff was provided continuous care inconsistent with the deliberate indifference standard, and that Defendant Harris was not involved in Plaintiff's assignment to segregation. Plaintiff seems to raise seven objections to the report and recommendation.

Objections 1, 2, & 6.

Plaintiff begins by summarizing some of the procedural history of this case, and he seems to argue that Defendants' motions for summary judgment were improper. Plaintiff does not meaningfully develop his arguments or cite any relevant authority. As explained in the report and recommendation, Defendants' motions were not improper. (ECF No. 74 at PID 587); (ECF No. 66 at PID 526-27). Plaintiff's objections are overruled.

Objections 3 & 7.

Next, Plaintiff seems to argue that the report and recommendation drew an improper factual conclusion that Defendant Harris had nothing to do with Plaintiff's placement in segregation. Plaintiff cites an MDOC policy requiring mental health providers to provide treatment to prisoners on a regular basis. (ECF No. 78 at PID 615). This policy directive does not provide evidence that Harris was responsible for when and how long Plaintiff was in segregation. The policy directive is silent on who decides how long a prisoner is in segregation. Further, Plaintiff does not address his medical records, misconduct history, and placement determinations that Harris submitted showing why Plaintiff was placed in segregation. These objections are overruled.

Objections 4 & 5.

Plaintiff argues that Defendant Harris is not entitled to qualified immunity or sovereign immunity because he is a Corizon employee and not a state official. However, the record reflects that Defendant Harris is an MDOC employee. (ECF No. 57-2 at PID 398). As such, the report and recommendation's conclusions were not improper, and these objections are overruled.

### III. Conclusion

This court has conducted a review of this matter. Having read the file, including the report, recommendations and relevant authority, the court adopts the report and recommendation over the objections.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 74) is **ADOPTED**

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 78) is **DENIED.**

**IT IS SO ORDERED.**

Date:  September 13, 2024                                          /s/ Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               United States District Judge